## Gray and Others *vs.* Badgett.

Where one partner is garnisheed, and admits that he is individually indebted to the judgment debtor, he cannot avoid a judgment, by claiming that the judgment debtor is indebted to the firm of which he is a partner. This is equivalent to offsetting a joint and several debt against a several one.

This was a proceeding by garnishment, determined in the Pulaski Circuit Court, in ——, before the Hon. John J. Clendenin, one of the circuit judges. Gray, Durrive & Co. having obtained judgment against Hudspeth & Sutton, sued out their writ of garnishment against Badgett, setting forth, in the usual form, their judgment. In answer to the allegations and interrogations filed, Badgett denied any indebtedness to Hudspeth & Sutton, or either of them, or possession of either credits, moneys, or effects, but admitted previous mutual dealings between himself and Hudspeth, individually; and that, upon such mutual dealings, there was a balance due Hudspeth; at the same time, claiming to retain and offset such balance against a debt due by Hudspeth to the firm of McLain & Badgett, of which the garnishee

was a partner. Upon this state of case, the motion of the plaintiffs for judgment was overruled, the garnishee discharged, and judgment rendered in his favor for costs.

*Trapnall & Cocke,* for plaintiffs in error. The object of the statute was, to enable the creditors, by means of a writ of garnishment, to subject, to the satisfaction of his judgment, effects that could not be reached by executions. Rules of construction are applied to remedial statutes for the purpose of giving effect to the remedy. 1 *Black. Com.* 82. *Whitney et. al. vs. Emett et. al.,* 1 *Baldwin's C. C. Rep.* 316. The separate property of each joint debtor is subject to the joint execution against all; and it follows, from the obvious reason of the rule, that the separate debts can be subjected by a writ of garnishment.

If Hudspeth were to bring assumpsit to recover the balance admitted by Badgett to be due to him, the debt due to McLain & Badgett could not be pleaded as a set-off, and would be no legal impediment in the way of a judgment. See *Walker vs. Bradley,* 2 *Ark.* 593.

*Fowler,* contra.

At July term, 1842: *By the Court,* DICKINSON, J. The question of set-off was fully discussed in the case of *Tramell vs. Harrell,* decided at the present term of this Court, and there held, that a joint demand cannot be set off against a separate one, nor *e converso.* If the doctrine there held be true, and that it is we have no doubt, Badgett could not offset the individual debt due Hudspeth, against the joint claim of McLain & Badgett. Judgment reversed.

A petition for reconsideration was filed by defendant in error, but overruled, at January term, 1843.